IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL PINA,

    Petitioner,               No. CIV S-09-3523 MCE GGH P

    vs.

FRANCISCO JACQUEZ, Warden,    FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

Introduction

    Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner was convicted in 1992 of first degree murder with a weapon by a prisoner serving a 15-year-to-life sentence and received an indeterminate state prison life term without the possibility of parole. Petition, p. 1; Motion to Dismiss, p. 1, Respondent's Lodged Document 1, Abstract of Judgment. Petitioner challenges his conviction on the following grounds: 1) application of additional fee under Cal. Penal Code § 2085.5 (crime victim restitution fine or order) as amended in 1994 violates ex post facto clause; 2) ineffective assistance of counsel at sentencing on his restitution fine; 3) court exceeded statutory authority by imposing $10,000.00 fine petitioner had no ability to pay; 4) his 15-year principal term must be completed before a consecutive term may begin to run. See Petition.

Motion to Dismiss

Respondent moves to dismiss the petition on the grounds that 1) it is successive under 28 § 2244(b)(2), and 2) it was filed beyond the one-year statute of limitations pursuant to 28 U.S.C.§ 2244(d). Motion to Dismiss (MTD), pp. 1-8. In addition, respondent maintains grounds one through three should be dismissed for a failure to state a cognizable federal claim. Id. at 9-10. As to ground four, respondent seeks to withdraw any contention within his motion that this claim too was untimely and successive, stating that respondent did not fully understand the nature of that claim when presenting the motion to dismiss. Reply, pp. 7-8. Instead, respondent argues that petitioner in claim four is challenging the denial of parole suitability hearing on his Los Angeles County conviction (the one that resulted in the 15-year-to-life sentence) and thus does not even challenge the judgment of a state court pursuant to 28 U.S.C. § 2254(a), and must be dismissed. Id. at 8. Alternatively, respondent contends this ground should be summarily rejected as it is illogical and would be in the interest of judicial economy to do so. Id. Of course, it is not appropriate for respondent to make an argument in a reply paper that was not advanced in his motion because petitioner is not accorded, thereby, the opportunity to oppose the argument. However, in this instance, the court finds ground four to be so patently frivolous that that claim will be dismissed summarily sua sponte. It is wholly nonsensical to insist that petitioner should be granted a parole suitability hearing based on a 15-year-to-life sentence when petitioner also remains separately sentenced to a life term without possibility of parole.

*Successive*

Respondent notes that petitioner filed a prior habeas challenge to the same conviction and sentence in the federal district court in Pina v. Cambra, Case No. CIV-S-97-0704 MCE JFM P, a case of which this court takes judicial notice.[1] See also, Resp. Lodged Doc. 21,

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

copy of case docket for CIV-S-97-0704 MCE JFM P; respondent's Lodged Doc. 22, Findings and Recommendations, filed on May 27, 2003 in Case No. CIV-S-97-0704, recommending denial on the merits; respondent's Lodged Doc. 23, Order, filed on January 13, 2004, denying habeas application and dismissing case.  On March 20, 2006, the Ninth Circuit affirmed the judgment of the district court in Case No. CIV-S-97-0704 in an unpublished opinion which became the mandate of the court on May 5, 2006.  Respondent's Lodged Doc. 24.  The petition for a writ of certiorari in that case was denied in the United States Supreme Court on October 20, 2006.  Respondent's Lodged Doc. 25.

A petition is successive, under 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim *on the merits* ..." Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2648 (2005) [emphasis in original].  "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id., at 530, 125 S.Ct. at 2647.  "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009), citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Respondent contends that the instant petition is successive because petitioner knew the claims he asserts herein at the time of his sentencing and "unjustifiably omitted" them from his prior federal petition.  MTD, p. 4.

Petitioner protests that he is not herein attacking the district court's previous decision on the merits "in any broad sense." Opposition (Opp.), pp. 1-2.  Petitioner contends that while two of his claims "have a connection to a sentencing aspect," that a challenge to a court's authority may be raised on appeal for the first time when the claim is that the trial court exceeded its statutory authority with regard to a restitution order, although he concedes that in a challenge based on ability to pay, "procedural issues" under Cal. Govt. Code § 13967 are waived when not raised in the trial court.  Opp., p. 2.  Thus, petitioner tries to frame his claim as not based on his life without parole sentence or any claim that he is not able-bodied and unable to work for the

rest of his life in prison, but rather on whether the court exceeded its authority under Cal. Govt. Code § 13967(a), when there was a requirement that above a $200 minimum, the trial court failed to make an ability to pay finding before imposing a $10,000.00 fine.[2]  Id.  Petitioner's claims are that application of a state statutory provision that the court must make an ability to pay finding and failed to do so was the result of both ineffective assistance of counsel and trial court error and that the application to him of a change in Cal. Penal Code § 2085.5 violates the ex post facto clause because he is being charged a 10 percent administrative fee from his wages and trust account when at the time of the imposition of the fine, when prior to 1994, any money collected, including the administrative fee was charged against the fine amount still owed.  Opp., pp. 2-15, 19-20.   The court cannot reach the merits of any of petitioner's first three grounds, however, unless petitioner can show his petition is not successive (although should petitioner be able to demonstrate that his claims are not successive, at that point the court could reach the question of untimeliness as well as lack of colorability of the claims respondent has raised by his motion as well).  See MTD.

        Although petitioner seeks to characterize his current claims as distinct from the challenges he raised in his prior federal petition and avers that he is not challenging the conviction itself by his claims regarding the restitution fine, respondent makes the point that the fine imposed under Cal. Penal Code § 2085.5 was part of the 1992 judgment at issue.  Reply, p. 4.  Respondent notes the enactment of Cal. Penal Code § 1202.4, in 1983, which provides for imposition of a fine where a criminal defendant is convicted of a felony and that such are undisputedly considered by California to be part of a defendant's conviction and sentence. Reply, p. 4, citing People v. Palomar, 171 Cal.App.3d 131, 133, 214 Cal. Rptr. 785 (1985) (state legislature enacted comprehensive law in 1983 which increased fines authorized in criminal

---

[2] Existing law requires a person who is convicted of a felony, except as specified, to pay a restitution fine, to be deposited in the Restitution Fund, of not less than $200, subject to the defendant's ability to pay, and not more than $10,000.  In setting the amount of the restitution fine, the court is required to consider certain relevant factors.

4

cases, adding Cal. Penal Code § 1202.4 providing for a restitution fine in any case where a defendant is convicted of a felony); People v. Hong, 64 Cal. App.4th 1071, 1080, 76 Cal. Rptr.2d 23 (Cal. App.4th 1998) ( "A judgment includes a fine. A restitution fine is a fine.") Nor does petitioner specifically deny that the restitution fine, the imposition, manner and execution of which form the basis of his first three claims, is a part of the sentence he received in 1992, which conviction and sentence he has previously challenged in the action he brought in this court in 1997 and which has been adjudicated on the merits. Petitioner cites, inter alia, People v. Castro, 30 Cal. Rptr.2d 188 (1994), for the proposition that "a claim that a sentencing court has exceeded its statutory power to impose a restitution fine may be raised for the first time on appeal." See Opp., p. 2. This finding concerning state law is not relevant to whether or not petitioner's claim regarding that issue is successive to his prior habeas petition in this court. As respondent contends (Reply, p. 3), petitioner has cited to a number of out-of-circuit cases involving federal prisoners seeking relief post-conviction pursuant to 28 U.S.C. § 2255. Those cases include: In re: Goddard, 170 F.3d 435 (4th Cir. 1999) (appellate court determined that movant, having used his first § 2255 motion solely to reinstate his direct appeal right, did not need authorization to proceed on second § 2255 motion); Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998) (finding that in applying §§ 2244 and 2255, "an order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued"); United States v. Scott, 124 F.3d 1328 (10th Cir. 1997) (finding second § 2255 motion not to be successive because initial motion granted allowed him to pursue a direct appeal). Opp., p. 15. None of these dispositions, however, demonstrate that petitioner's present challenge to his restitution fine is not a collateral attack upon the state court judgment that he has previously challenged in federal court and which has been adjudicated. Petitioner claims that Vasquez v. Parrott, 318 F.3d 387 (2nd Cir. 2003) and James v. Walsh, 308 F.3d 162 (2nd Cir. 2002), favor his position that the current petition is not second or successive. Opp., pp. 16-17. In James, supra, at 168, a Second Circuit panel determined that where petitioner alleged the incorrect application of credit for time served and a

1  miscalculated conditional release date, petitioner was not arguing a claim that could have been
2  presented at the time when his first petition was presented and thus could not be found to be
3  second or successive under AEDPA's gatekeeping provisions.  In Vasquez, supra, at 389, another
4  Second Circuit decision, petitioner was found not to have filed a second or successive petition,
5  where in his initial § 2254 petition he sought release from custody, raising a claim that a delay in
6  adjudicating his direct appeal of his robbery conviction and sentence, still undecided in the state
7  courts after three years, violated due process and his minimum term would soon be reached.  His
8  second petition, however, unlike the first, sought to set aside the conviction itself.  The Vasquez
9  court concluded that because in the first petition petitioner "did not challenge the lawfulness of
10 his conviction," the second petition, wherein he collaterally attacked the judgment of conviction
11 "did not count under the second or successive petition rule of § 2244" and thus was "not a second
12 petition not a second petition within the meaning of § 2244."  Vasquez, supra, 318 F.3d at 392.
13 These cases do not help petitioner, however.  (With respect to both petitioners James and
14 Vasquez, unlike petitioner herein, they each sought release from custody in each petition).
15 Regarding James, supra, petitioner's case is not analogous because unlike the petitioner therein,
16 the restitution fine that he challenges here was imposed and known to petitioner at the time of,
17 and part of, his sentencing and certainly by the time of his filing his prior federal petition.  In the
18 case of Vasquez, supra, because, unlike petitioner herein, Vasquez had not collaterally attacked
19 the state court conviction and judgment pursuant to which he was held in custody in his initial
20 petition.
21         Under Ninth Circuit Rule 22-3(a), "[i]f a second or successive petition or motion,
22 or an application for leave to file such an application or motion, is mistakenly submitted to the
23 district court, the district court shall refer it to the court of appeals."  This court cannot consider
24 the successive petition without prior authorization by the Ninth Circuit.  Under 28 U.S.C. §
25 2244(b)(3)(A), leave must first be obtained from the court of appeals to file a second or
26 successive petition before petitioner can proceed in district court.  Felker v. Turpin, 518 U.S.

651, 656-657, 116 S. Ct. 2333 (1996).  This is a jurisdictional requisite.  Burton v. Stewart, 549 U.S. 147, 152, 127 S. Ct. 793 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits).  The district court has discretion to either transfer that petition to the court of appeals or dismiss the petition.  United States v. Winestock, 340 F.3d 200 (4th Cir. 2003) (§ 2255 case); Robinson v. Johnson, 313 F.3d 128, 139-140 (3rd Cir. 2002). Respondent has argued (MTD, pp. 9-11; Reply, p. 6), inter alia, that petitioner's claims regarding the restitution fine do not satisfy the custody requirement for bringing a habeas petition; although petitioner remains incarcerated, he is not seeking release from confinement with these claims. Bailey v. Hill, 599 F.3d 976, 981 (9th Cir. 2010) (concluding "that § 2254(a) does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence.")  Although this court may not reach the merits in this case, the undersigned will recommend dismissal of grounds one through three, rather than a transfer of, the petition to the Ninth Circuit because, on the face of it, petitioner's claims are not cognizable.  However, should petitioner seek to proceed on these or other grounds regarding his previously challenged 1992 conviction/sentence, he is at liberty to seek authorization from the Ninth Circuit to do so and in fact must obtain such authorization before the claims may be presented before this court.

*Claim 4*

As to ground four, as noted above, that claim does not arise from the 1992 conviction/sentence at issue herein and is otherwise frivolous and should be summarily dismissed on that separate basis.  The Article III case or controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a personal stake in the outcome of the lawsuit.  This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, (1998) (internal quotations and citations omitted).  To require an adjudication of

parole eligibility on a conviction previous to an LWOP sentence is the quintessential situation where the court could not award effective relief. Such an adjudication would be completely academic.

Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that respondent's April 2, 2010 (docket # 12) motion to dismiss the petition be granted as successive with regard to claims one, two and three and summarily dismissed as to ground four.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: Jan. 4, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
pina3523.fr